send

-o-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. CURTIS, | ) Case No. SACV 06-319-OP |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OPINION; ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

The Court[1] now rules as follows with respect to the three disputed issues listed in the Joint Stipulation filed on December 14, 2006.[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 6, 7.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("JS"), filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**I.**

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ erred in failing to consider the functional impact of Plaintiff's obesity in combination with his orthopedic condition;

2. Whether the ALJ erred in rejecting the opinions of Plaintiff's treating physicians on the stated grounds of lack of objective medical evidence; and

3. Whether the ALJ erred in rejecting Plaintiff's credibility.

(JS at 9.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984). The ALJ has a duty to fully and fairly develop the record even

when the claimant is represented by counsel.[3]  Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003).

## III.

## DISCUSSION

**A.  The ALJ Properly Considered the Functional Impact of Plaintiff's Obesity.**

Plaintiff did not allege disability due to his obesity in his initial application. (AR at 91-114.)  Other than a brief mention of some weight loss, his obesity was not mentioned during the hearing.  (AR at 59.)  However, consistent evidence of Plaintiff's weight issue is present throughout the record.  See Clifford v. Apfel, 227 F.3d 863, 873 (7th Cir. 2000) ("While [the claimant] did not claim obesity as an impairment when filing her Disability Report, the evidence should have alerted the ALJ that [she] had another relevant impairment that could contribute to the cumulative effect of her other impairments.")

Here, Plaintiff's physicians noted that he was five feet, ten inches in height and had weighed between 295 and 370 pounds since his alleged onset date of disability.  (AR at 159, 204, 220-21, 226, 232.)  Obesity, morbid obesity and the need for weight reduction all have been consistently commented on by his doctors. (AR at 201, 203-05, 234, 255.)  His obesity even interfered with the radiological quality of the November 2000 lumbar CT scan.  (AR at 193.)  Dr. Mason, a non-examining physician, commented that Plaintiff's ability to forward flex was hampered by his weight.  (AR at 237.)  Dr. Mason also noted that the finding of Dr. Yu, an examining orthopedist, that Plaintiff's finger to floor distance was

---

[3]  The duty is heightened when the claimant is not represented by counsel. Celaya, 332 F.3d at 1183; see also Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005), 400 F.3d 676, 682-83 (9th Cir. 2005) (the Ninth Circuit distinguished Burch from Celaya at least in part, based on the fact that Burch was represented by counsel).

twelve inches, "does not consider obesity." (AR at 255.)  Any weight losses were transitory, and Plaintiff testified at his hearing that following a doctor's prescribed weight reduction program, Plaintiff gained back the seventy pounds he had lost. (AR at 59.)

Plaintiff argues that although the ALJ acknowledged Plaintiff's obesity at step two of his analysis, he failed to carry that finding through to the remainder of the disability analysis.  (AR at 12.)  This Court disagrees.

Where there is evidence of obesity, the ALJ must determine the effect of the Plaintiff's obesity upon his other impairments, his ability to work, and his general health.  Celaya, 332 F.3d at 1181; see also Social Security Ruling 02-01p (requiring an ALJ to consider the effects of obesity at several points in the ALJ's sequential evaluation).  In Celaya, the Ninth Circuit held that it was error for an ALJ not to develop the record on an obesity condition when that condition was likely a partial basis for the claimant's disability, and where the claimant had proceeded pro se and likely never knew that "she *could* assert obesity as a partial basis for her disability." Celaya, 332 F.3d at 1183.  In determining that the plaintiff could perform her past relevant work, the ALJ in Celaya relied on a Physical Residual Functioning Capacity Assessment ("PFRCA") prepared by an Agency medical consultant.  Id. at 1183-84.  The PRFCA contained no discussion of how the medical consultant reached his opinion and "evince[d] no attention to Celaya's medical record." Id. at 1180.  The Ninth Circuit found that the ALJ's decision did not rest upon substantial evidence because the PRFCA did not indicate the plaintiff's obesity had been taken into account.  Id. at 1184.

Unlike the claimant in Celaya, Plaintiff was represented by counsel during the hearing and in his request for review to the Appeals Council.  See Burch, 400 F.3d at 682 ("[m]ore significantly, Burch was represented by counsel.").  In this case, at step two of the analysis, the ALJ specifically found that Plaintiff's chronic low back pain, status post lumbar laminectomy, and morbid obesity were

considered "severe" based on the requirements in the Regulations at 20 C.F.R. § 404.1520(c). (AR at 21.) Therefore, at step two the ALJ conceded that the obesity had a significant impact on Plaintiff's ability to perform work-related activities. (Id.) At step four, the ALJ also found that these conditions, including Plaintiff's morbid obesity, "do not prevent Plaintiff from performing his past relevant work" as an HVAC engineer. (Id.)

The Court agrees that in the body of the opinion, it is not perfectly clear to what extent the ALJ further examined or otherwise evaluated the extent to which Plaintiff's obesity might effect his other impairments. Plaintiff testified that, as he performed his work he had to sit for three or four hours, getting up and down periodically. (AR at 60.) When at a job site, Plaintiff sometimes had to crawl into attic spaces and look at existing duct work. (Id.) Plaintiff also testified that he had been driving back and forth to Mammoth and found it necessary to get out and walk around every half hour. (Id.) It appears that Plaintiff was laid off from this position in large part because he was no longer able to work a full day because of his back pain and was unable to drive long distances without frequent stops. (AR at 61, 65.) Dr. Mason noted that Plaintiff's ability to bend is affected by his obesity. (AR at 237, 255.) It is likely that the ALJ understood, and took into account, the fact that excess weight would have an effect on Plaintiff's ability to sit, stand, or walk.

From the record and the ALJ's ultimate determination that Plaintiff was capable only of sedentary work despite the non-examining physician's finding Plaintiff was capable of a full range of light work (see AR at 233-36), it appears that the ALJ at least considered the possible disabling effect of Plaintiff's obesity on his overall condition and ability to perform his past relevant work.

///
///

**B.      The ALJ Erred in Discounting the Opinions of Plaintiff's Treating Physician.**

Dr. Stoney, a pain management specialist and Plaintiff's treating physician, provided his assessment of Plaintiff's functional limitations in an evaluation report dated January 20, 2004. According to Dr. Stoney, Plaintiff had motor loss, sensory loss, and reflex loss. (AR at 243.) Dr. Stoney further opined that Plaintiff was unable to lift or carry any weight, could sit or stand for only ten minutes at a time; and was able to sit, stand, or walk for less than two hours of an eight-hour day. (AR at 243-246.) The assessment also reflected that Plaintiff would need to walk every fifteen minutes, for a period of fifteen minutes, during an eight-hour day. (AR at 245.) Dr. Stoney also expected Plaintiff would experience substantial difficulty with stamina, pain, or fatigue if he worked full time, eight hours a day, at light or sedentary levels of exertion. (AR at 244.) The Vocational Expert opined that a hypothetical individual with the functional capacity described by Dr. Stoney would not be able to work. (AR at 45-46.)

The ALJ found Dr. Stoney's January 2004 assessments "not credible" and gave them "little weight." (AR at 19.) The ALJ's stated rationale for rejecting Dr. Stoney's opinions and assessments was as follows:

> [T]his assessment is unsupported by any actual objective medical findings and is inconsistent with the substantial evidence of record. Indeed, there is no documented evidence of any motor loss, sensory loss or reflex loss. The actual physical exams of record noted no such loss. Clearly, Dr. Stoney's assessments are not based on actual objective examinations. Dr. Stoney's assessments are not credible and are given little weight.

(AR at 19.)

It is well established in the Ninth Circuit that a treating physician's opinion

is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). Since Dr. Stoney was a pain management specialist, his opinions on the functional limitations caused by Plaintiff's pain syndrome were entitled to greater weight than the opinions of Dr. Yu, the examining orthopedist, and Dr. Mason and a second unnamed physician, both non-examining doctors. See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5); see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

"The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). Where, as here, a treating physician's opinion is controverted by the opinions of other physicians of record, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Nor is the ALJ's obligation relieved where the treating physician has rendered an opinion on the ultimate issue of disability. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

The first reason cited by the ALJ for rejecting Dr. Stoney's assessment of Plaintiff's functional limitations, that the assessment is unsupported by objective

medical findings and inconsistent with the substantial evidence of record, is the same kind of non-specific boilerplate language rejected by the Ninth Circuit as insufficient.  Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) ("[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim").  Here, the ALJ made only a cursory list of the findings he believed were not supported (motor loss, sensory loss, or reflex loss), and, as discussed below, the Court does not agree with the ALJ's conclusion.  Accordingly, although this might be a legitimate reason for rejecting a treating physician's opinion,[4] it is not specific enough to withstand scrutiny in this case.  See Magallanes, 881 F.2d at 753 (ALJ could meet burden of setting forth specific reasons for rejecting treating physician's opinion by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings).  And, to the extent the ALJ questioned the objective basis for Dr. Stoney's opinion, the ALJ should have inquired further of Dr. Stoney.  See, e.g., Smolen, 80 F.3d at 1288; Baker v. Richardson, 327 F. Supp. 349, 351 (M.D. Fla. 1971); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel).

      The Court also disagrees with the statement that there was no documented evidence in the record of motor or reflex loss.  Drs. White (plaintiff's orthopedic surgeon), Mason, and Yu corroborated Dr. Stoney's finding of a limited range of motion in Plaintiff's lumbar spine.  (AR at 173, 218, 221.)  Dr. Mason, the state-

---

[4] See Batson v. Comm'r of Soc. Sec. Admin, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may discredit treating physicians' opinions that are unsupported by the record as a whole, or unsupported by objective medical finding).

agency non-examining physician, acknowledged Plaintiff's claims of muscle spasms and pain. (AR at 218, 240.) Dr. Yu's report indicated some reflex loss in Plaintiff's knees and Achilles' tendons. (AR at 222.) Dr. Yu also reported some atrophy in Plaintiff's lower extremities (AR at 221-222), and found Plaintiff "limited from uneven ground, repetitive squatting, stooping, kneeling, crawling and climbing." (AR at 223.) The Vocational Expert even testified that an individual who was restricted from walking on uneven ground, and as otherwise described in Dr. Yu's report as capable of a full range of light work, would be unable to perform Plaintiff's past work as he performed it. (AR at 46-47.)

Finally, to the extent the ALJ also found that Dr. Stoney's opinion was "not based on actual objective examinations" (AR at 19), this seems to imply that Dr. Stoney fabricated his assessments. There is, however, no such evidence that Dr. Stoney engaged in such improprieties. In fact, two of his physical examination reports are included in the record and at least one other office visit is mentioned in one of those reports. (AR at 218-19.) Moreover, the ALJ is not entitled to presume that doctors routinely lie in order to help their patients collect disability benefits. Lester, 81 F.3d 821, 832 (9th Cir. 1995) (citing Ratto v. Sec'y of Health & Human Servs., 839 F. Supp. 1415, 1426 (D. Ore. 1993)).

**C.   The ALJ's Credibility Determination Is Not Supported by the Record.**

   **1.   The Reasons for Disbelieving Plaintiff Are Incongruent with the Record Facts.**

In stating his case for total disability, Plaintiff testified that he suffers two or three back spasms during a day and has to lay down for an hour to relieve that pain. (AR at 60.) Plaintiff also testified that walking long distances results in leg pain (AR at 61), he experiences back pain while sitting (id.), he has difficulty bending at the waist (AR at 62), he can only drive for about fifteen minutes (AR at 64), he can stand or sit for only two hours at a time (AR at 126), he can only walk a distance of 100 yards (id.), and he cannot lift anything over ten pounds (AR at 128). Plaintiff

also takes Methadone to relieve the pain. (AR at 58-59, 124.)

Here, in finding Plaintiff's allegations regarding his limitations "not totally credible," the ALJ stated as follows:

> Nonetheless, the claimant maintains he is unable to work due to his alleged subjective symptoms. However, the undersigned notes the claimant has not established a medically determinable impairment which would reasonably be expected to produce such limitations. Indeed, his physical exams have not produced any consistent motor or sensory deficits. His MRI did not show any canal or foraminal stenosis. The claimant has only mildly limited motion of the lumbar spine with no other range of motion deficits. The claimant has not required extended periods of hospital confinement, emergency room treatment, use of a TENS unit, participation in a pain control clinic, or other extensive or significant forms of treatment commonly prescribed for intense pain. The claimant has no abnormalities of gait, nor are any assistive devices required. While the claimant asserted a chronic and debilitating pain syndrome of extended duration it is noted he exhibited no evidence of diffuse atrophy or muscle wasting, common indicators of chronic pain. At the hearing, the claimant's thoughts did not seem to wander and all questions were answered alertly and appropriately. There is no credible evidence of regular usage of strong medication to alleviate pain that would significantly impair the claimant's ability to do basic work activities. There was no evidence in the medical record of any significant side effects. Accordingly the undersigned concludes the claimant's testimony and evidence, although appearing sincere, is not fully credible regarding the extent, intensity and duration of the alleged subjective symptoms and functional limitations and restrictions.

(AR at 20.)

Plaintiff claims that the ALJ improperly disbelieved Plaintiff's allegations regarding the nature and extent of his symptoms. (JS at 19-22.) He contends that the ALJ's reasons for disbelieving Plaintiff are "so incongruent with the plain facts of record that it casts doubt upon whether the ALJ actually crafted those reasons in response to the case at hand." (JS at 19.) Plaintiff notes the following incongruencies:

i) physical examinations have produced evidence of motor or sensory deficits (AR at 180, 188-89, 196, 218, 219, 263, 243);

ii) Dr. Yu's examination revealed evidence of diminished reflexes (AR at 222);

iii) severe stenosis was shown by the MRI, CT scan, and myelogram (AR at 180, 188-89, 193, 196);

iv) Plaintiff's spinal range of motion has routinely been described as more than just "mildly" limited (AR at 173 (Dr. White described range of motion as "limited"); 218-19 (Dr. Stoney described range of motion as "limited"), 223 (Dr. Yu described range of motion as "moderately decreased"), 263 (Dr. Stoney's later report described range of motion as "markedly limited"[5]);

v) Plaintiff underwent at least two failed back surgeries and an invasive myelogram under anesthesia (AR at 157, 179, 182, 196);

vi) Plaintiff participated in a pain management program with Dr. Stoney and has received opioid pain relievers, antidepressants, and Botox injections in an attempt to control his pain (AR at 218-19, 263-64);

---

[5] The Court notes that this latter report by Dr. Stoney was produced after the hearing. Therefore, the ALJ did not have this report to refer to when preparing his findings.

      vii)    Dr. Yu found a discrepancy in the circumferences of Plaintiff's lower extremities indicating muscle atrophy (AR at 221-222); and

      viii)    Plaintiff has been taking strong narcotic pain killers (AR at 172, 218-19, 263-64.)

(JS at 19-21.) The Court agrees with Plaintiff's descriptions of these incongruencies.

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Even where the medical evidence of record establishes the presence of a physical condition with which some pain ordinarily is associated, the existence of some pain does not constitute a disability, if the claimant is not thereby prevented from working. See Thorn v. Schweiker, 694 F.2d 170, 171 (8th Cir. 1982) ("A showing that [claimant] had a back ailment alone would not support a finding that she was disabled unless the limitations imposed by the back ailment prevented her from engaging in substantial gainful activity."); see also Adams v. Flemming, 276 F.2d 901, 904 (2d Cir. 1960); Thedorf v. Califano, 440 F. Supp. 1328, 1334 (N.D. Cal. 1977).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen, 80 F.3d at 1281; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

Here, the ALJ's reasons for discrediting Plaintiff's testimony essentially boil down to the fact that the ALJ did not believe the testimony was supported by any

of the contemporaneous medical evidence. This is the type of justification the regulations prohibit. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884 (9th Cir. 2006), citing Social Security Rule 96-7. Where there is no evidence of malingering, permissible grounds for rejecting a claimant's testimony may include a reputation for dishonesty, conflicts between the claimant's testimony and his conduct, or internal contradictions in the claimant's testimony. See 20 C.F.R. § 404.1529(c); Smolen, 80 F.3d at 1281. There is no evidence or finding of malingering, and no permissible reasons were provided by the ALJ for rejecting Plaintiff's testimony here. Indeed, the ALJ found Plaintiff's testimony "sincere." (AR at 20.)

Furthermore, "[i]n evaluating a claimant's subjective complaints of pain, the adjudicator must give full consideration to all of the available evidence, medical and other, that reflects on the impairment and any attendant limitations of function." SSR 88-13. Such other evidence includes the claimant's prior work record, his daily activities, and observations by treating and examining physicians and third parties about the claimant's symptoms and their effects. See SSR 88-13. Here, Plaintiff offered substantial "other" evidence to corroborate his subjective symptom testimony, including his work history,[6] lay testimony from the woman he lived with for seven years, and opinions and observations from treating and examining physicians.

As noted, however, because of the numerous discrepancies between the ALJ's stated reasons for disbelieving Plaintiff and the actual evidence in the record, although the Court finds the ALJ's reasons for rejecting the Plaintiff's testimony clear, they are not convincing. Accordingly, the Court finds that the

---

[6] For instance, Plaintiff testified that he was laid off because he was no longer able to work a full day because of his back pain and was unable to drive long distances without frequent stops. (AR at 61, 65.)

ALJ's adverse credibility determination was error.[7]

### 2. The ALJ's Failure to Address the Lay Witness Statement of Kathleen Mulleady Was Error.

Kathleen Mulleady, Plaintiff's friend who lived with him for seven years and who, for the year prior to the hearing saw him at least twice weekly, testified at the hearing regarding Plaintiff's pain symptoms. Ms. Mulleady reported that she could tell when Plaintiff was in pain because his skin coloring would change. (AR at 70.) She also reported that, when Plaintiff was in pain: his movements often became "real bad;" he would have to physically push himself up off a chair or out of a car; he would gingerly sit himself down when getting into a car; he had to rest for the remainder of the day after an excursion; he leans on carts when shopping; and his movements are a "little bent," "not a natural walk." (AR at 70-71.) Ms. Mulleady also testified that when Plaintiff went out walking, his pain would often cause him to perspire, and he would ask to go home. (AR at 71.) Ms. Mulleady further reported that Plaintiff's pain seemed to become much worse about two and a half years after it started, and his disposition became worse as his back pain increased. (AR at 73.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work." Furthermore, the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn

---

[7] The Court notes that additional medical information post-dating the hearing, was submitted to the Appeals Council reflecting side effects from Plaintiff's pain medications as well as additional opinions from Dr. Stoney (AR at 263-64).

hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467.

Here, the ALJ made no reference to Ms. Mulleady's statement in his decision. When rejecting lay witness testimony, the ALJ must provide "reasons that are germane to each witness." Dodrill, 12 F.3d at 919. The ALJ did not do so here. The ALJ is not relieved of his obligation to comment upon lay witness testimony simply because he has discredited the Plaintiff's testimony. To find otherwise would be based upon "the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms." Id.

Nor is the ALJ's failure to address Ms. Mulleady's testimony harmless.[8] While conflicts in the evidence may be valid reasons for discounting the credibility of lay witness testimony (see e.g., Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001); compare Nguyen, 100 F.3d at 1467)), this reasoning is after-the-fact reasoning not articulated by the ALJ, and this Court is "constrained to review the reasons the ALJ asserts." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L. Ed. 1995 (1947)); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001). Here, the ALJ asserted no reason for rejecting Ms. Mulleady's testimony.

The Ninth Circuit has never found harmless error where an ALJ has silently disregarded lay testimony about how an impairment limits a claimant's ability to

---

[8] The harmless error rule is applicable in Social Security cases. See Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984).

work. Stout, 454 F.3d at 1055-56. In fact, the Ninth Circuit and its sister circuits have "consistently reversed the Commissioner's decisions for failure to comment on such competent testimony." Id. at 1056. In failing to address a lay witness' statement, the error is harmless only if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Id.; see also Robbins, 466 F.3d at 885. This Court is unable to confidently make that conclusion here.

If determined to be credible, Ms. Mulleady's testimony potentially bolsters Plaintiff's testimony and, therefore, potentially bolsters Plaintiff's credibility. Because the ALJ also did not make a legally sufficient adverse credibility finding with regard to Plaintiff's testimony, this Court cannot say with respect to Ms. Mulleady's testimony that, if this testimony were credited, "no reasonable ALJ" could have reached a different disability determination. See Robbins, 466 F.3d at 885.

**C.     This Case Should Be Remanded for Payment of Benefits.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Ninth Circuit also has held that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate

award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)[9]; Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1988-1401 (9th Cir. 1988); Lester, 81 F.3d at 834; Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990); Smolen, 80 F.3d at 1292; Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989); but see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (the "crediting as true" doctrine is not mandatory in the Ninth Circuit; remanding for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true).

Under the foregoing authorities, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician.

Here, the Court has found that the ALJ improperly discredited the opinions of Plaintiff's treating physician. It is clear from the record that the ALJ would be required to find Plaintiff disabled if Dr. Stoney's opinion were fully credited. As noted above, the Vocational Expert testified at the hearing that Dr. Stoney's

---

[9] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

1 assessment would preclude all employment. (AR at 45-46.)

2 The Court also found that the ALJ improperly discredited Plaintiff's pain
3 and other symptom testimony and never even mentioned the corroborating
4 testimony of his lay witness. Again, when the hypothetical to the Vocational
5 Expert incorporated the physical limitations to which Plaintiff and his witness
6 testified (which essentially mirrored those of Dr. Stoney), the Vocational Expert
7 testified that such limitations would preclude all employment. (Id.)

8 Accordingly, it appears to the Court that this is a case where no useful
9 purpose would be served by further administrative proceedings, where the record
10 has been fully developed, and where remand would only unnecessarily delay the
11 receipt of benefits.

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for the payment of benefits.

DATED: July 3, 2007

HONORABLE OSWALD PARADA
United States Magistrate Judge