UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY A. CURTIS, | ) | Case No. SACV 06-319-OP |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S PETITION FOR APPROVAL OF EAJA FEES |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

**I.**

**<u>PROCEEDINGS</u>**

On September 6, 2007, Plaintiff filed a Petition for Approval of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), seeking an award in the amount of $5,675.65, for a total of 35.20 hours of attorney time allegedly expended in this matter at an applicable hourly rate of $161.24. On October 10, 2007, the Government filed an Opposition to the Petition. In the Opposition, the Government does not contend that Plaintiff's fee petition was untimely (indeed, the

---

[1] Michael J. Astrue, who was sworn in as the Commissioner of the Social Security Administration on February 12, 2007, is substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

Government alleges it was too early), nor does the Government challenge Plaintiff's status as a prevailing party or the amount of the fees alleged.  Instead, the Government contends that Plaintiff's fee application should be denied in its entirety because the Commissioner's position was substantially justified.

## II.
## DISCUSSION

**A.     Legal Standard.**

The EAJA provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A).

The United States Supreme Court has found that the statutory phrase "substantially justified" means justified in substance or in the main, and that this interpretation of the phrase is equivalent to the formula adopted by the Ninth Circuit Court of Appeals, i.e., a reasonable basis both in law and fact.  See Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 181 L. Ed. 2d 490 (1988).

The term "position" includes the underlying agency action and the legal position of the Government during litigation.  Andrew v. Bowen, 837 F.2d 875, 878 (9th Cir. 1988).  The burden is on the Government to prove substantial justification.  Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987).  However, Congress has made it clear that there is no presumption that the Government's position was not substantially justified merely because it lost the case.  See S. Rep.

No. 96-253, 96th Cong., 1st Sess. 7 and H.R. Rep. No. 96-418, 96th Cong., 2d Sess. 11, reprinted in 1980 U.S. Code Cong. & Ad. News 4953, 4490; see also United States v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002); Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988).  Whether the claimant is ultimately found to be disabled or not, the Government's position at each stage of the proceedings must be substantially justified.  Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998).

**B.      The Government's Position Was Not Substantially Justified.**

In this case, the Court concluded that the ALJ failed to follow the proper standards in rejecting the opinion of Plaintiff's treating physician, Dr. Stoney.  The Government contends that it was substantially justified in its position because the ALJ properly relied on the reports of Dr. Yu, a board-certified orthopaedic surgeon, who examined Plaintiff and reviewed his medical records, as well as the opinion of Dr. Mason, who also reviewed all of Plaintiff's medical records.  (Opp'n at 4.)  However, this is not the issue.  This Court's finding was based on the fact that the ALJ failed to set forth specific and legitimate reasons for rejecting the opinion of Dr. Stoney.  Indeed, in its Memorandum Opinion, the Court noted that the reports of Dr. Yu and Dr. Mason actually corroborated some of Dr. Stoney's findings.  Since the law in this Circuit is clear that, even if controverted, a treating physician's opinion may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record (see, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996)), the ALJ's failure to do so precludes a finding that the Government's position was substantially justified.  See Flores v. Shalala, 49 F.3d 562, 570-71 & n.12 (9th Cir. 1995) (Government's position not substantially justified when ALJ failed to state reasons for disregarding a relevant vocational report).

The Court also concluded that the Commissioner's decision should be reversed and the case remanded for the payment of benefits based on the ALJ's

failure to follow the proper standards in making his adverse credibility determination. Specifically, the Court found that although the ALJ's reasons for rejecting Plaintiff's testimony were clear, they were not convincing – indeed, many of the reasons cited by the ALJ for rejecting that testimony were directly contrary to the record evidence. That failure alone likewise precludes a finding that the Government's position was substantially justified. See Corbin, 149 F.3d at 1053.

## III.
## ORDER

For the reasons discussed above, Plaintiff's Petition is GRANTED, and Plaintiff's counsel is awarded total EAJA fees of $5,675.65.

DATED: February 26, 2008

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge